IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

JOSHUA EDLER, Individually and on
Behalf of All Others Similarly Situated                                   PLAINTIFF

vs.                           No. 3:22-cv-3035-TLB

PELLEY CONSTRUCTION, INC.,                                               DEFENDANTS
and JAY NEWPORT

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

Plaintiff Joshua Edler ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his attorneys Daniel Ford and Josh Sanford of Sanford Law Firm, PLLC, for his Original Complaint—Collective Action ("Complaint") against Defendants Pelley Construction, Inc., and Jay Newport (collectively "Defendants"), states and alleges as follows:

### I.   PRELIMINARY STATEMENTS

1. This is a collective action brought by Plaintiff, individually and on behalf of all others similarly situated, against Defendants for violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA"), and the minimum wage and overtime provisions of the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* (the "AMWA").

2. Plaintiff seeks a declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and a reasonable attorney's fee and costs as a result of Defendants' policies and practice of failing to pay proper minimum wage and overtime compensation under the FLSA and the AMWA.

## II. JURISDICTION AND VENUE

3. The United States District Court for the Western District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. This Complaint also alleges AMWA violations, which arise out of the same set of operative facts as the federal cause of action; accordingly, this Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

5. Defendant Pelley Construction, Inc., is headquartered in Flippin. Therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III. THE PARTIES

6. Plaintiff is an individual and resident of Texas.

7. Separate Defendant Pelley Construction, Inc. ("Pelley Construction"), is a domestic, for-profit corporation.

8. Pelley Construction's registered agent for service is Terra Pelley at 9022 Old Highway 62 East, Flippin, Arkansas 72634.

9. Separate Defendant Jay Newport ("Jay Newport") is an individual and resident of Arkansas.

## IV. FACTUAL ALLEGATIONS

10. Jay Newport is a principal, director, officer, and/or owner of Pelley Construction.

11. Jay Newport, in his role as an operating employer of Pelley Construction, had the power to hire and fire Plaintiff, often exercised supervisory authority over Plaintiff's

work, including the day-to-day job duties that Plaintiff's job entailed, determined his work schedule, and made decisions regarding Plaintiff's pay, or lack thereof.

12. Jay Newport took an active role in operating Pelley Construction and in the management thereof.

13. Within the two years preceding the filing of this Complaint, Defendants have continuously employed at least four employees.

14. Defendants employ two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce, such as vehicles and fuel.

15. Defendants' annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) in each of the three years preceding the filing of the Original Complaint.

16. At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA and the AMWA.

17. Defendants employed Plaintiff as an hourly-paid Construction Worker from March of 2022 until April of 2022.

18. As a Construction Worker, Plaintiff performed manual labor at Defendants' construction sites.

19. Defendants also employed other hourly-paid Construction Workers within the three years preceding the filing of this lawsuit.

20. Other Construction Workers had the same or substantially similar job duties as Plaintiff.

21. At all relevant times herein, Defendants directly hired hourly-paid Construction Workers to work on their behalf, paid them wages and benefits, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

22. Defendants did not provide Plaintiff and other Construction Workers with a timekeeping system by which they could record their own hours or clock in and out.

23. Defendants assumed responsibility of tracking Plaintiff's and other Construction Workers' time.

24. Defendants required Plaintiff and other Construction Workers to drive themselves to Defendants' construction sites.

25. Defendants did not pay Plaintiff and other Construction Workers for their drive time.

26. The time Plaintiff and other Construction Workers spent driving to Defendants' construction sites went unrecorded and uncompensated.

27. Defendants did not reimburse Plaintiff and other Construction Workers at the IRS standard business mileage rate.

28. Defendants did not reimburse Plaintiff and other Construction Workers for their actual expenses.

29. Defendants did not reimburse Plaintiff and other Construction Workers at a reasonable approximation of their actual expenses.

30. Defendants did not disclose the mileage reimbursement to Plaintiff, but upon information and the belief the mileage reimbursement rate fluctuated and often failed to fully reimburse Plaintiff for his expenses.

31. Other Construction Workers were subject to the same reimbursement policy as Plaintiff.

32. 29 U.S.C. § 531.35 states, "The wage requirements of the [FLSA] will not be met where the employee 'kicks-back' directly or indirectly to the employer . . . the whole or part of the wage delivered to the employee."

33. Defendant failed to reimburse Plaintiff and other Construction Workers for the expenses incurred on Defendant's behalf. Plaintiff and other Construction Workers therefore "kicked back" that amount to Defendant, creating additional minimum wage and overtime violations. *See* 29 C.F.R. § 531.35.

34. Plaintiff regularly worked over 40 hours in a week.

35. Upon information and belief, other Construction Workers also regularly or occasionally worked hours over 40 in a week.

36. In the weeks in which Plaintiff and other Construction workers worked over 40 hours, they did not receive a sufficient overtime premium because of the unrecorded and uncompensated driving time.

37. Plaintiff complained about the unrecorded and uncompensated driving time to his supervisors.

38. Defendants knew or should have known that Plaintiff and other Construction Workers were working hours which went unrecorded and uncompensated.

39. Defendants have deprived Plaintiff and similarly situated Construction Workers of sufficient overtime compensation for all hours worked over 40 per week.

Joshua Edler, et al. v. Pelley Construction, Inc., et al.
U.S.D.C. (W.D. Ark.) No. 3:22-cv-3035-TLB
Original Complaint—Collective Action

40. Upon information and belief, in some weeks Plaintiff worked so many hours which went uncompensated that his constructive hourly rate fell below the statutory minimum.

41. Defendants knew or showed reckless disregard for whether their actions violated the FLSA and the AMWA.

## V.   REPRESENTATIVE ACTION ALLEGATIONS

42. Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated, and any other employees who performed the same or similar work, regardless of job title, who were, are, or will be employed by Defendants within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

A. Regular wages and overtime premiums for all hours worked over forty in any week;

B. Liquidated damages; and

C. Attorney's fees and costs.

43. Plaintiff proposes the following collective under the FLSA:

**All hourly paid Construction Workers within the last three years.**

44. In conformity with the requirements of FLSA Section 16(b), Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

45. The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed herein and continues forward

through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

46. The members of the proposed FLSA collective are similarly situated in that they share these traits:

    A. They were paid hourly;

    B. They had substantially similar job duties and responsibilities;

    C. They drove themselves to the Defendants' construction sites; and

    D. They were not paid for drive time.

47. Plaintiff is unable to state the exact number of the collective but believes that it exceeds 10 persons.

48. Defendants can readily identify the members of the collective, who are a certain portion of the current and former employees of Defendants.

49. The names and physical and mailing addresses of the probable FLSA collective action plaintiffs are available from Defendants.

50. The email addresses of many of the probable FLSA collective action plaintiffs are available from Defendants.

## VI.  FIRST CLAIM FOR RELIEF
### (Individual Claim for Violation of the FLSA)

51. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

52. At all relevant times, Defendants have been, and continue to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

53. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay a minimum wage for all hours worked up to 40 each week and to pay 1.5x their regular

wages for all hours worked over 40 each week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

54. Defendants classified Plaintiff as nonexempt from the requirements of the FLSA.

55. Defendants failed to pay Plaintiff for all hours worked, including 1.5x his regular rate for all hours worked in excess of forty hours per week.

56. Defendants knew or should have known that their actions violated the FLSA.

57. Defendants' conduct and practices, as described above, were willful.

58. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

59. Defendants have not acted in good faith nor with reasonable grounds to believe their actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid wages described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

60. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VII.  SECOND CLAIM FOR RELIEF
### (Collective Action Claim for Violation of the FLSA)

61. Plaintiff asserts this claim for damages and declaratory relief on behalf of all similarly situated employees pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

62. At all relevant times, Defendants have been, and continue to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

63. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 each week and to pay 1.5x their regular wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and accompanying DOL regulations.

64. Defendants classified Plaintiff and other similarly situated employees as nonexempt from the overtime provisions of the FLSA.

65. Defendants failed to pay Plaintiff and similarly situated employees for all hours worked, including 1.5x their regular rate for all hours worked in excess of 40 hours per week.

66. Defendants deprived Plaintiff and similarly situated employees of compensation for all of the hours worked over 40 per week, in violation of the FLSA.

67. Defendants knew or should have known that its actions violated the FLSA.

68. Defendants' conduct and practices, as described above, were willful.

69. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff and all similarly situated employees for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

70. Defendants have not acted in good faith nor with reasonable grounds to believe their actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff and similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

71. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff and the collective members as provided by the FLSA, they are entitled to an award of prejudgment interest at the applicable legal rate.

### VIII.   THIRD CLAIM FOR RELIEF
#### (Individual Claim for Violation of the AMWA)

72. Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Ark. Code Ann. §§ 11-4-201, *et seq*.

73. At all relevant times, Defendants were Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

74. Sections 210 and 211 of the AMWA require employers to pay all employees a minimum wage for all hours worked, and to pay 1.5x regular wages for all hours worked over 40 each week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

75. Defendants classified Plaintiff as nonexempt from the requirements of AMWA.

76. Defendants failed to pay Plaintiff for all hours worked, including overtime wages as required under the AMWA for all hours that Plaintiff worked in excess of forty per week.

77. Defendants failed to pay Plaintiff a lawful minimum wage.

78. Defendants knew or should have known that their practices violated the AMWA.

79. Defendants' conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

80. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for, and Plaintiff seeks, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorney's fees as provided by the AMWA.

## IX.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Joshua Edler, individually and on behalf of all others similarly situated, respectfully prays that each Defendant be summoned to appear and to answer this Complaint and for declaratory relief and damages as follows:

A. A declaratory judgment that Defendants' practices alleged in this Complaint violate the FLSA, the AMWA and their related regulations;

B. Certification of a collective under Section 216 of the FLSA of all individuals similarly situated, as further defined in any motion for the same;

C. Judgment for damages suffered by Plaintiff and others similarly situated for all unpaid wages under the FLSA, the AMWA and their related regulations;

D. Judgment for liquidated damages owed to Plaintiff and all others similarly situated pursuant to the FLSA, the AMWA and their related regulations;

E. An order directing Defendants to pay Plaintiff and all others similarly situated interest, a reasonable attorney's fee and all costs connected with this action; and

F. Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**JOSHUA EDLER, Individually and on Behalf of All Others Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (800) 615-4946
Facsimile: (888) 787-2040

_____
Daniel Ford
Ark. Bar No. 2014162
daniel@sanfordlawfirm.com

_____
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com