IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

JOSHUA EDLER, individually and on behalf
of all others similar situated                                                              PLAINTIFF

v.                                       Case No. 3:22-cv-3035-TLB

PELLEY CONSTRUCTION, INC. and
JAY NEWPORT                                                                                 DEFENDANTS

## DEFENDANT JAY NEWPORT'S ANSWER TO COMPLAINT

Defendant Jay Newport, for his Answer to Plaintiff Josh Elder's Complaint, states:

1.      In response to Paragraph No. 1, Defendant states that Plaintiff attempts to bring a collective action based upon a violation of the FLSA and Arkansas Minimum Wage Act. Defendant denies that Plaintiff has standing to bring a collective action and further denies he violated any federal or state law.

2.      In response to Paragraph No. 2, Defendant states that Plaintiff's complaint seeks the relief requested in this paragraph. Defendant denies that Plaintiff is entitled to any of the relief requested.

3.      In response to Paragraph Nos. 3 through 5, Defendant states these paragraphs contain a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations.

4.      In response to Paragraph No. 6, Defendant is without knowledge or information sufficient to admit or deny the allegations, and thus denies the allegations.

5.      In response to Paragraph Nos. 7 through 9, Defendant admits the allegations.

6.      In response to Paragraph No. 10, Defendant admits that he is a shareholder of separate defendant Pelley Construction. Defendant denies the remaining allegations as stated.

7. In response to Paragraph Nos. 11 through 15, Defendant denies the allegations as stated.

8. In response to Paragraph No. 16, Defendant is without knowledge or information sufficient to admit or deny the allegations, and thus denies the allegations.

9. In response to Paragraph Nos. 17 through 31, Defendant denies the allegations as stated.

10. In response to Paragraph No. 32, Defendant states this paragraph contains a legal conclusion to which no response is required. Defendant denies any allegations misrepresenting the statute cited therein.

11. In response to Paragraph No. 33, Defendant denies the allegations.

12. In response to Paragraph Nos. 34 and 35, Defendant is without knowledge or information sufficient to admit or deny the allegations, and thus denies the allegations.

13. In response to Paragraph Nos. 36 through 41, Defendant denies the allegations.

14. In response to Paragraph Nos. 42 and 43, Defendant states Plaintiff attempts to bring this lawsuit as a collective action on behalf of hourly paid construction workers within the lats 3 years, but denies that Defendant has standing or is otherwise entitled to do so. Defendant denies the remaining allegations in these paragraphs and subparts therein.

15. In response to Paragraph No. 44, Defendant states no response is required but believes a consent to join was filed in this action. To the extent a response is required, Defendant denies the allegations.

16. In response to Paragraph No. 45, Defendant states no response is required. To the extent a response is required, Defendant denies the allegations.

17. In response to Paragraph No. 46, Defendant denies the allegations.

18. In response to Paragraph No. 47, Defendant is without knowledge or information sufficient to admit or deny the allegations, and thus denies the allegations.

19. In response to Paragraph Nos. 48 through 50, Defendant denies the allegations.

20. In response to Paragraph No. 51, Defendant states that no response is required. To the extent a response is required, Defendant denies the same.

21. In response to Paragraph No. 52, Defendant denies the allegations.

22. In response to Paragraph No. 53, Defendant states that this paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations.

23. In response to Paragraph Nos. 54 through 60, Defendant denies the allegations as stated.

24. In response to Paragraph No. 61, Defendant states that no response is required. To the extent a response is required, Defendant denies the same.

25. In response to Paragraph No. 62, Defendant denies the allegations.

26. In response to Paragraph No. 63, Defendant states that this paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations.

27. In response to Paragraph Nos. 64 through 71, Defendant denies the allegations as stated.

28. In response to Paragraph No. 72, Defendant states that no response is required. To the extent a response is required, Defendant denies the same.

29. In response to Paragraph No. 73, Defendant denies the allegations as stated.

30. In response to Paragraph No. 74, Defendant states that this paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations.

31. In response to Paragraph No. 75 through 80, Defendant denies the allegations as stated.

32. In response to the Prayer for Relief, Defendant denies that Plaintiff is entitled to any of the relief requested in the paragraph or its subparts.

33. Defendant requests a Jury Trial on all matters so Triable.

Having fully responded to Plaintiff's Complaint, Defendant Jay Newport respectfully requests the Complaint be denied and dismissed in its entirety and that Plaintiff take nothing pursuant thereto; for his attorneys' fees and costs incurred herein; and for such other relief as this Court deems just and proper.

## **AFFIRMATIVE DEFENSES**

Defendant Jay Newport, for his affirmative defenses, states:

1. All allegations not specifically admitted herein are denied.

2. Plaintiff failed to state a claim upon which relief may be granted, and its claims should be dismissed pursuant to Ark. R. Civ. P. 12(b)(6).

3. Plaintiff's claims are barred due to lack of personal jurisdiction over Defendants; improper venue; insufficiency of process; and insufficiency of service of process.

4. Defendants are not joint tortfeasors with any other party or non-party and, accordingly, may not be held jointly and severally liable with any other party or non-party.

5. The damages alleged, if any, were directly caused or directly contributed to be caused by Plaintiff's own negligence, carelessness, or fault to such an extent to prevent recovery under Arkansas law.

6. The damages sustained by Plaintiff, if any, were caused by the carelessness, negligence, and/or fault of third-parties over whom these Defendants had no control and that such carelessness, negligence, and/or fault directly caused or directly contributed to cause any damages Plaintiff allegedly sustained. Accordingly, fault should be compared and/or apportioned.

7. Plaintiff's claims are barred by the doctrines of assumption of risk, last clear chance, laches, unclean hands, waiver, estoppel, acquiescence, consent, settlement, compromise, accord and satisfaction, release, and failure to mitigate.

8. Plaintiff's Complaint is barred by the statute of limitations and/or statute of repose.

9. Defendants are entitled to a setoff for all sums of money recovered from any collateral sources, or recovered by or on behalf of Plaintiff by way of any settlement, judgment, or any other mechanism, regardless of whether such settlement, judgment, or other mechanism involved a party or non-party to this action.

10. Defendants are not liable as Plaintiff's alleged damages, if any, were a result of unavoidable circumstances beyond the control of Defendants which could not have been reasonably foreseen or prevented by any person or entity, including Defendants.

11. Plaintiff's claims fail due to a lack of standing.

12. Plaintiff's claims fail as Defendant acted in good faith and honestly intended to ascertain the FLSA's requirements and comply with them.

13. Plaintiff's claims fail as Defendant did not have a contractual, business, or employment relationship with Plaintiff.

14. Plaintiff's claims fail because Defendant was not Plaintiff's employer or the employer of any individual.

15. Plaintiff's claims fail because neither Plaintiff nor those individuals he seeks to represent are or were employees under the FLSA or any Arkansas statute Plaintiff seeks to sue under.

16. Plaintiff's claims, to the extent Plaintiff or any individual he seeks to represent are or were employees, are precluded by the FLSA and/or Arkansas law.

17. Plaintiff's attempt to represent other individuals fails because neither Plaintiff nor those individuals are similarly situated under the FLSA or Arkansas law.

18. To the extent Plaintiff or any individual he seeks to represent was otherwise entitled to protection under the FLSA or Arkansas law, these individuals are not entitled to the overtime compensation sought and some or all of the work was not compensable under the provisions of the Portal-to-Portal Act.

19. Plaintiff and the individuals he seeks to represent are not entitled to liquidated damages because Defendant's conduct was not a willful violation of the FLSA or Arkansas law, nor did he ratify any such violation.

20. Plaintiff's claims fail because Defendant did not know or intend that his alleged acts or omissions were prohibited by the FLSA, nor did he show reckless indifference to or disregard for the requirements of the FLSA, nor did he ratify any such acts or omissions.

21. Plaintiff's claims based on Arkansas law fail as any work or conduct underlying the claim took place outside the state of Arkansas.

22. Certification of a class action would violate Defendant's rights under the United States Constitution, the claims fail to meet the mandatory requirements of FRCP 23, the claims

have individual questions which predominate and thus render class treatment inappropriate, the claims are neither common nor typical, Plaintiff is not an adequate representative, the collective or class action treatment is not superior to other available methods, and the claims are too individualized and fact-specific so as to not arise out of a common set of facts.

23. Plaintiff is not entitled to injunctive relief because the allegations in the Complaint do not meet the legal requirements for such relief.

24. Plaintiff's claims fail for failure to satisfy opt-in requirements.

25. Plaintiff's claim fails because Defendant did not have sufficient control over the conditions of Plaintiff's work, if any.

26. Plaintiff's claim fails because the FLSA does not cover Plaintiff, Plaintiff did not work the hours claimed, the time relied upon was not compensable, and Plaintiff was properly compensated for time worked, if any.

27. Defendants reserve the right to raise additional affirmative defenses that may be identified through more particular pleading and discovery in this case.

> Respectfully submitted,
> JAY NEWPORT, Defendant
>
> By: _____/s/ Andrew Myers_____
> Rick Woods (95032)
> Andrew Myers (2020004)
> TAYLOR LAW PARTNERS LLP
> 303 E Millsap Rd
> Fayetteville, AR 72703
> 479-443-5222
> rwoods@taylorlawpartners.com
> amyers@taylorlawpartners.com

CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of July, 2022, a copy of the foregoing was filed with the Court's electronic filing system, which shall cause a copy to be served on all counsel of record. Further, I hereby certify that a copy of the foregoing was also mailed via first class mail, postage prepaid to the following:

Pelley Construction, Inc.
RA: Terra Pelley
9022 Old Hwy 62 E
Flippin, AR 72634

/s/ Andrew Myers
Attorney for Defendant
Jay Newport